## Commonwealth *vs.* Morgan.

Case 4.

ERROR TO ANDERSON CIRCUIT.

1. The Governor has no power to remit that portion of a fine in criminal and penal cases which belongs to the attorney for the commonwealth, by law. *Constitution, art.* 3, *sec.* 10.

2. Attorneys for the commonwealth are allowed twenty per cent. on all judgments or forfeited recognizances in behalf of the commonwealth. (*Chap.* 28, *art.* 1, *sec.* 24, *Revised Statutes, page* 247.)

3. The fee of the attorney for the commonwealth becomes vested, upon rendering judgment upon forfeited recognizances in penal and criminal cases. The governor, having remitted the forfeiture as to the sureties before judgment on the *scire facias,* did not transcend his constitutional power.

June 8.

Judge CRENSHAW delivered the opinion of the court.

1. The governor has no power to remit that portion of a fine in criminal and penal cases which belongs to the attorney for the commonwealth by law. (*Constitution, art.* 3, *sec.* 10.)

2. Attorneys for the commonwealth are allowed 20 per cent. on all judgments or forfeited recognizances in behalf of the commonwealth. (*Chap.* 28, *art.* 1, *sec.* 24, *Rev. Stat., page* 247.)

3. The fee of the attorney for the commonwealth becomes vested, upon rendering judgment upon forfeited recognizances in penal

The 10th section of the 3d article of the constitution, vests in the governor power to remit fines and forfeitures, but prohibits him from remiting the fees of a commonwealth attorney, &c., in penal or criminal cases.

In chapter 28, article 1st, section 24, of the Revised Statutes, page 247, attorneys for the commonwealth are allowed twenty per cent. of all judgments on forfeited recognizances in favor of the commonwealth.

Morgan, who had been apprehended for felony, and recognized to appear in the circuit court, failed to do so, and his recognizance was forfeited. A *scire facias* issued against him and his sureties, and the governor afterwards remitted the forfeiture as to the sureties, and the question is had he the power so to remit, when, as it is contended, he would. thereby interfere with the fee of the commonwealth's attorney.

The fee allowed to commonwealth's attorneys is twenty per cent. of *all judgments* on forfeited recognizances. The commonwealth's attorney had no fee to be affected by the remission, there being no judgment. The governor, therefore, did not transcend his power in remitting the forfeiture as to said sureties, and consequently the court did not err in sustaining

the plea of the sureties setting up the remission of the forfeiture as to them.

But it is said the court erred in not rendering judgment against Morgan, as to whom there was no plea. Whether the court might have rendered a judgment against him upon the two returns, as made by the sheriff, it is not necessary to determine. The court was not asked to do so, and the cause has not been disposed of as to Morgan, but is still depending against him.

Wherefore, the judgment is affirmed.

HARLAN, *Attorney General*, for commonwealth; KAVANAUGH for defendants.

and criminal cases. The governor, having remitted the forfeiture as to the sureties before judgment on the *scire facias*, did not transcend his constitutional power.